**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | |
|---|---|
| **LINDSEY ANTONIO WILSON,** ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **JOHN DOE,** ) <br> ) <br> Defendant. ) | **Civil Action No. 7:21cv00082** <br><br> **MEMORANDUM OPINION** <br><br> By:   **Hon. Thomas T. Cullen <br> United States District Judge** |

Plaintiff Lindsey Antonio Wilson, a Virginia inmate housed at the Danville City Jail and proceeding *pro se,* filed this civil action under 42 U.S.C. § 1983, against John Doe, an unknown doctor at Green Rock Correctional Center ("Green Rock") in 2012. Wilson seeks leave to proceed *in forma pauperis* with this action. Having reviewed Wilson's request and complaint, the court grants his request to proceed *in forma pauperis* but concludes that Wilson fails to state a cognizable § 1983 claim against the defendant. Accordingly, the court will dismiss the complaint without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

Wilson alleges that in March 2012, while he was housed at Green Rock, he "believe[s]" that the doctor, "against [Wilson's] free will, required" him to take the drug Risperidal,[1] which resulted in "many harmful side effects such as e[rectile] d[ysfunction and] lactaid[2] [*sic*]." As relief, Wilson states that he wants to "sue the doctor that forced the medication upon [him]."

---

[1] Risperidal, also called risperdone, is "used to treat certain mental/mood disorders (such as schizophrenia, bipolar disorder, irritability associated with autistic disorder)" and "belongs to a class of drugs called atypical antipsychotics. It works by helping to restore the balance of certain natural substances in the brain." *Risperidal*, WebMD.com, https://www.webmd.com/drugs/2/drug-9846/risperdal-oral/details (last visited Mar. 23, 2021).

[2] Lactaid is an enzyme supplement used to help people who have trouble digesting milk and other dairy products. *Lactaid*, WebMD.com, https://www.webmd.com/drugs/2/drug-5249/lactaid-oral/details (last visited Mar. 23, 2021).

To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988). Persons in state custody have a due process interest in not being forcibly given antipsychotic medication. *See Johnson v. Silvers*, 742 F.2d 823, 825 (4th Cir. 1984); *Washington v. Harper*, 494 U.S. 210, 221–22 (1990). To state a viable claim that he was unlawfully forcibly medicated, a plaintiff is generally required to show that the defendant acted without professional judgment. *See Patten v. Nichols*, 274 F.3d 829, 843-46 (4th Cir. 2001). Wilson does not allege that the defendant acted without professional judgment in prescribing and/or administering Risperidal to Wilson.

Moreover, Wilson's claim is untimely filed. Section 1983 actions are governed by the personal injury statute of limitations in the state where the alleged injury occurred. *Owens v. Okure*, 488 U.S. 235, 249–50 (1989). Virginia has a two-year statute of limitations for general, personal injury claims. Va. Code § 8.01-243(A); *Almond v. Kent*, 459 F.2d 200, 203–04 (4th Cir. 1972). A plaintiff bringing a civil rights action under § 1983 in Virginia must do so within two years from the time when his action accrues. A federal cause of action accrues when "the plaintiff has 'a complete and present cause of action'" or when the plaintiff "can file suit and obtain relief." *Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997). Wilson alleges that he was forced to take Risperidal in 2012. Clearly more than two years have passed since he was allegedly forced to take the medication and Wilson offers no explanation for his untimely filing.

For these reasons, the court concludes that Wilson has failed to state a cognizable § 1983 claim and, thus, will dismiss the complaint without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

**ENTERED** this 24th day of March, 2021.

/s/ Thomas T. Cullen
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE